UNITED STATES DISTRICT COURT
NORTHERN DISTRICT TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HALL'S IV AND INSTITUTIONAL PHARMACY, INC., d/b/a XPRESS COMPOUNDING, <br><br> Plaintiff, <br><br> v. <br><br> PRIME THERAPEUTICS LLC, <br><br> Defendant. | CAUSE NO. 4:16-CV-19-O |

### DEFENDANT'S RESPONSE TO EMERGENCY MOTION TO EXTEND TRO

Defendant Prime Therapeutics, LLC opposes Plaintiff's motion to extend the temporary restraining order that was issued by the state court prior to removal because no irreparable harm is threatened to occur before Plaintiff's motion for preliminary injunction can be considered by the Court on its merits. The Court should not extend a TRO without considering if it would independently grant such relief absent exigent circumstances which are not present here.

The sole basis Plaintiff asserts for extending the state court's TRO is its assertion that this Court cannot address the pending motion for a preliminary injunction timely. The expedited briefing schedule the Court has set ensures Plaintiff's motion for preliminary injunction will be fully briefed by Monday, January 25, 2016. The contract at issue does not terminate until January 29, 2016. Only if the Court is unable to address the preliminary injunction prior to January 29, 2016 would it be appropriate to consider issuing a new restraining order. Until then, good cause does not exist to extend the state court's order.

1

## I.      A Risk Of Imminent Harm Does Not Exist

Plaintiff urges this Court not to consider whether the original TRO issued by the State Court was proper or whether the standard for issuing a TRO has been met, but instead to extend the TRO simply because the order issued by the state court order expires on January 20, 2016. Such narrow consideration of good cause to extend an injunctive order may be appropriate if scheduling matters resulting from the removal create a risk of irreparable harm in the absence of extending the state court order.  Such circumstances do not exist here.  An extension of the state court order is not appropriate absent such circumstances.

"If an order issued by a state court would not be supportable under federal law, a federal court cannot affirmatively extend it; to do so would give the order the extra 'life' prohibited by the Supreme Court in *Granny Goose Foods*." *Gonzalez v. Wells Fargo Bank, N.A.*, 2012 WL 3249499, at *2 (N.D. Cal. August 7, 2012)(citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437 (1974).

A TRO is appropriate only if the applicant has supplied "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).  "To obtain a TRO, . . . an applicant must also satisfy the requisite elements for obtaining a preliminary injunction." *Fernandez v. U.S. Immigration Dept.*, 2001 WL 460863 at *2 (N.D. Tex. April 30, 2001).  "[I]f a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction." *Alliance Wireless Technologies, Inc. v .Casella-Wiseman,* 2013 WL 3724889, at *1 (N.D. Tex. July 16, 2013) (emphasis in original).

While this Court has held that if scheduling matters prevent the Court from addressing a motion for injunctive relief on the merits, then that may justify good cause for extending a TRO issued prior to removal, it is otherwise inappropriate to simply extend a prior state court order without considering if the order is justified on the merits. *Compare Xtria, LLC v. International Ins. Alliance, Inc.*, 2009 WL 4756365 (N.D. Tex. 2009), *with Gonzalez,* 2012 WL 3249499, at *2. In *Xtria*, the plaintiff established that it was unable to file a motion for preliminary injunction because the removal delayed defendant's response to the discovery which had been expedited in the state court. *Id.* at *5. Here, plaintiff has already filed its motion and the Court has issued an expedited briefing schedule. In addition, because the contract is set to terminate on January 29, 2016, there is not the same urgency to issue an order without considering the merits of the motion itself.

**II.    The State Court's Order was improper and should not be extended without consideration of the merits of injunctive relief.**

Plaintiff obtained the temporary restraining order from the State Court ex parte without complying with the State Court's Rules and without providing Defendant the right to be heard. This Court should not continue the order considering that it has the ability to consider the merits of the motion and arguments from both parties.

Hall's obtained the temporary restraining order from the state court on January 6, 2016 prior to this action being removed to this Court. The restraining order was obtained ex parte even though the threatened harm was not to occur for 23 more days. In order to obtain a TRO ex parte in Tarrant County, an attorney is required to certify that "To the best of his or her knowledge th[e] party against whom relief is sought ex parte is not represented by counsel in the matter made the basis of the relief sought." Tarrant County Local Rule 3.30(c)(1).[1]  Hall's

---

[1] Rule 3.30(c) provides two other alternatives which were not applicable in this matter.

pleading contains a certificate stating compliance with Local Rule 3.30(c), but the certificate submitted actually modified the certification that is required by the Local Rule.  The certificate of compliance states that Defendant is "not represented by <u>outside</u> counsel." (*See* Original Petition at 11.)  This deviation from the Local Rule is important because counsel had been personally discussing this exact matter with defendant's <u>in-house</u> counsel who could easily have been notified and arranged to address the Court directly or to have Texas counsel address the Court.  In fact, when in-house counsel learned of the TRO filing on the morning of January 6, 2016, defendant's counsel contacted and informed Plaintiff's counsel that Defendant wanted to be heard and provided the name and contact information for Defendant's Texas counsel, only to find out that the TRO had already been presented and granted that morning.

Furthermore, an ex parte restraining order is also only appropriate under the Texas Rules of Procedure where immediate and irreparable injury will result prior to being able to provide notice and an opportunity to be heard.  Tex. R. Civ. P. 680.  Plaintiff's verified petition asserts that immediate and irreparable injury would result from its termination from Prime's provider network and that "harm to Xpress Compounding is imminent.  Prime's termination of Xpress Compounding from Prime's pharmacy network will take effect on January 29, 2016."  Original Petition at ¶38.  There was no reason, and is still no reason, to issue a TRO, especially without notice, 23 days before the act to be restrained.[2]

As will be shown in the response being filed, the temporary restraining order and an injunction are both improper because the elements for injunctive relief cannot be met.  Plaintiff asserts a claim for declaratory relief asserting that Defendant did not provide notice of the basis

---

[2] The original TRO sought and issued also included a provision to prevent Prime from withholding payment of any claim submitted by Xpress, which would have required payment of disputed, unsupported, and uncovered claims.  Once that provision was revised by the trial court's January 8, 2016 Order, there was nothing scheduled to occur prior to January 29, 2016.

4

for the termination or an opportunity to appeal that decision. Plaintiff admits in its pleadings, however, that it was informed that it was being terminated due to poor audit performance. Original Petition at ¶14. Plaintiff admits it did appeal the findings and that the appeal was denied. Original Petition at ¶¶ 17, 19. Based on its own pleadings, the rights and procedures which Plaintiff claims under the Texas Insurance Code were provided. Plaintiff has no likelihood of success on the merits, cannot demonstrate that it will suffer irreparable harm from the termination, and based upon the risk to public health and of fraud, cannot show the public interest or a balance of the harms favors an injunction. Accordingly, there is no basis for Plaintiff to request this Court to force Prime to continue processing prescriptions of a pharmacy with serious errors in its submissions, especially in an area of pharmacy where instances of fraud can be significant.

## CONCLUSION

The Court should not breathe new life into an improperly obtained and improperly granted order, especially when the harm is not threatened to occur until January 29, 2016. The Court has issued a scheduling order that ensures the matter is fully briefed by January 25, 2016; there are no apparent scheduling issues that prevent the Court from being able to address the relief sought on their merits. Accordingly, Defendant respectfully requests that the Court deny the motion to extend the TRO.

Respectfully submitted,

  */s/ Blake A. Bailey*
Blake A. Bailey
Texas State Bar No. 01514700
Christopher R. Jones
Texas State Bar No. 24070018
PHELPS DUNBAR, LLP
115 Grand Avenue, Suite 222
Southlake, Texas 76092
(817) 488-3134 – Telephone
(817) 488-3214 – Facsimile
blake.bailey@phelps.com
chris.jones@phelps.com
ATTORNEYS FOR DEFEDNANT
PRIIME THERAPEUTICS LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of January, 2016, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

  */s/ Blake A. Bailey*
Blake A. Bailey